# EXHIBIT A

Filed
08 May 13 P4:32
Amalia Rodriguez-Mendoza
District Clerk
Travis District

D-1-GN-08-001646
Cause No._____

| | | |
|---|---|---|
| Mary Toomer | § | In The District Court |
|    Plaintiff | § | |
| | § | |
| V. | § | 201 Judicial District |
| | § | |
| AllianceOne Receivables Management, Inc. | § | |
|    d/b/a Texas AllianceOne Receivables | § | |
|    Management, Inc.; & | | |
| International Fidelity Insurance Company | § | Travis County, Texas |
| | § | |
|    Defendants | § | |

RECEIVED
MAY 22 2008
BY:................

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, MARY TOOMER ("Toomer") brings suit against Defendant AllianceOne RECEIVABLES MANAGEMENT, INC. ("AllianceOne"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., (F.D.C.P.A.), the Texas debt collection act, Ch. 392 Tex. Fin. C., and for other violations. Defendant INTERNATIONAL FIDELITY INSURANCE COMPANY is the bonding company that is liable for the debt collection violations of AllianceOne.

### PRELIMINARY MATTERS

1. Plaintiff intends discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

2. Plaintiff Mary Toomer is an individual residing at 2601 S. Pleasant Valley Road, Apt. 513, Austin, Texas, 78741.

3. <u>Defendant AllianceOne Receivables Management, Inc., d/b/a Texas AllianceOne Receivables Management, Inc.</u>, ("AllianceOne") is a foreign corporation organized and existing



under the laws of the State of Delaware, with a principal place of business at 4850 E. Street Road, Suite300, Trevose, PA 19053. Said Defendant may be served by and through its <u>registered agent C T Corporation System, 350 North St. Paul St., Dallas, TX 75201</u>.

4. Defendant <u>International Fidelity Insurance Company</u> ("Fidelity") is a foreign corporation organized and existing under the laws of the State of New Jersey whose principal place of business is One Newark Center 20th Floor, Newark NJ 07102. Said defendant may be served through its <u>registered agent, Roger Moore, 900 West Avenue 3rd Floor, Austin TX 78701-2210</u>.

5. Venue is proper in Travis County because all or a substantial part of the events or omissions giving rise to their claims occurred in Travis County. <u>See</u> Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

6. All conditions precedent necessary to maintain this action have been performed or have occurred.

## STATEMENT OF FACTS

7. Plaintiff, a 70 year old grandmother, is a Katrina flood refugee who has re-settled in Austin, TX.

8. Plaintiff had a credit card with Capital One with a credit limit of $1,000.00. Like many Katrina flood refugees, Plaintiff got behind on her credit card payments. Capital One hit Plaintiff with late payment fees of $35.00 per month, over the credit limit fees of $29.00 and interest rate of 28.99% on both the principal and on the monthly fees.

9. After struggling for many months trying to make ends meet, in February 2007 Plaintiff came to a settlement of $1,230.00 with Capital One as full and final settlement for the credit card.

10. Despite the settlement, Defendant AllianceOne dunned Plaintiff for the settled debt. Plaintiff told AllianceOne that the debt had been settled but AllianceOne said that she would have to pay them anyway.

11. AllianceOne put so much pressure on Plaintiff that she paid AllianceOne $80.00 just to stop harassing her.

12. Plaintiff sent AllianceOne a letter with a copy of the settlement offer from Capital One and proof of her payment of the settlement, but AllianceOne continued to call her to demand payment.

13. AllianceOne's actions caused Plaintiff extreme emotional distress resulting in stress, anxiety, inability to sleep and increased blood pressure.

14. Defendant International Fidelity Insurance Company ("Fidelity") is the bonding company for Defendant AllianceOne. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, Defendant Fidelity is liable for the debt collection violation claims Plaintiff can bring against AllianceOne. Therefore, when this petition refers to liability of AllianceOne it applies equally to Defendant Fidelity, except that Plaintiff brings no federal Fair Debt Collection Practices Act claims against Fidelity.

      **C.**   **CAUSE OF ACTION # 1 & 2: Violations of the federal Fair Debt Collection Practices Act and the Texas debt collection**

act.

15. Plaintiff incorporates the above statement of facts by reference.

16. Plaintiff brings these F.D.C.P.A. claims as a "private attorney general" acting in the in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

17. The above statement of facts is incorporated by reference and demonstrates that AllianceOne violated the following sections of the Fair Debt Collection Practices Act (the "F.D.C.P.A."): 15 U.S.C. 1692b, 1692e, 1692d, 1692e, 1692f, and 1692g and the Texas debt collection act. By way of example and not limitation Plaintiff has violated these provisions by misrepresenting the character, status, and amount of the debt; making a false, deceptive, or misleading representation or means in connection with the debt collection; and using a unfair or unconscionable means to collect or attempt to collect the alleged debt.

18. Plaintiff seeks attorney's fees, costs, actual damages, exemplary and punitive damages and statutory damages of $1,000.00 for these violations on the federal act and $100.00 per violation under the federal act. Plaintiff seeks a permanent injunction to prevent Defendant from again taking the acts the give rise to this petition.

### D. CAUSE OF ACTION # 3: Tort of unfair debt collection.

19. The actions that violate the debt collection statute also constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954). Exemplary and punitive damages may be

recovered for this tort, and are so sought.

### E. CAUSE OF ACTION # 4: Equitable relief sought under the D.T.P.A.

20. Plaintiff seeks equitable relief under the D.T.P.A., which do not require presuit notice. The equitable relief sought includes profit disgorgement, fee forfeiture, and the issuance of a permanent injunction barring AllianceOne from again committing the acts that form the basis of its liability in this suit including, without limitation, inflating the amount of an alleged debt and then offering to settle the debt for a "substantial discount" that, in fact, is the same amount that is "actually" due according to its own records. Plaintiff need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.); see also Restatement (Second) of Agency § 399 (1958) (listing remedies).

21. AllianceOne violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code §17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

22. AllianceOne's actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

23. This petition serves as written notice of Plaintiff's intention to amend this petition within 60

days from receipt to add claims for economic damages. Damages are estimated as the value of the work of Plaintiff's attorney in the prior state court proceedings, estimated at this time at $10,000.00 in economic damages, $50,000.00 in emotional distress damages, plus $3,000.00 in attorney's fees.

24. Plaintiff is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d).

### F. CAUSE OF ACTION # 5: Fraud.

25. Plaintiff incorporates the above statement of facts by reference.

26. AllianceOne made material and false representations When AllianceOne made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. AllianceOne made the representations with the intent that they be acted upon. The representations were in fact relied upon, causing her injury. See Sturm v. Sturm, 845 S.W.2d 407, 416 (Tex.App.–Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.–Fort Worth 1996, writ denied). Plaintiff seeks exemplary and punitive damages for these acts.

### G. CAUSE OF ACTION # 6: Intentional misrepresentation.

27. Plaintiff incorporates the above statement of facts by reference.

28. AllianceOne made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have

special knowledge of the subject matter of the opinion. AllianceOne's misrepresentations were relied upon, damaging Plaintiff. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Plaintiff seeks exemplary and punitive damages for these acts.

### H. CAUSE OF ACTION # 7: Negligence & gross negligence, including negligent misrepresentation.

29. Plaintiff incorporates the above statement of facts by reference.

30. AllianceOne owed a legal duty to Plaintiff. Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—San Antonio 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). AllianceOne breached their legal duty, and the breach proximately causing Plaintiff harm. AllianceOne is also liable for negligent hiring, training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Plaintiff brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Plaintiff seeks exemplary and punitive damages for these acts.

### I. CAUSE OF ACTION # 8: Fraud.

31. Plaintiff incorporates the above statement of facts by reference.

32. AllianceOne made material and false representations When AllianceOne made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. AllianceOne made the representations with the

intent that Plaintiff act on them. Plaintiff in fact relied on the representations, causing her injury. See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Plaintiff seeks exemplary and punitive damages for these acts.

### J. CAUSE OF ACTION # 9: Intentional misrepresentation.

33. Plaintiff incorporates the above statement of facts by reference.

34. ALLIANCEONE made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. AllianceOne's misrepresentations were relied upon, damaging Plaintiff. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). Plaintiff seeks exemplary and punitive damages for these acts.

### K. CAUSE OF ACTION # 10: Negligence & gross negligence, including negligent misrepresentation.

35. Plaintiff incorporates the above statement of facts by reference.

36. AllianceOne owed a legal duty to Plaintiff. Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—San Antonio 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976).AllianceOne breached their legal duty, and the breach proximately causing Plaintiff harm. AllianceOne is also liable for negligent hiring,

training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Plaintiff brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Plaintiff seeks exemplary and punitive damages for these acts.

### L. CAUSE OF ACTION # 11: Declaratory and injunctive relief.

37. Plaintiff incorporates the above statement of facts by reference.

38. Plaintiff seeks declaratory relief that AllianceOne committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims. Plaintiff also seeks declaratory that the underlying debt has been extinguished and is not owed. C.P.R.C. § 37.004(a). Plaintiff seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity). Plaintiff seeks attorney's fees, costs, actual damages, exemplary and punitive damages.

### M. JURY DEMAND.

39. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### N. PRAYER

40. For these reasons, Plaintiff asks for judgment against AllianceOne and Fidelity Company for the following:

   i. The above referenced relief requested;

   ii. Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k

        (F.D.C.P.A.) (as to AllianceOne only);

iii.    $100 per violation pursuant to Tex. Fin. C. § 392.403(e) (Texas debt collection act).);

iv.    Actual and economic damages within the jurisdictional limits of the court;

v.    Attorney fees and costs of court;

vi.    Exemplary and punitive damages;

vii.    Prejudgment and post-judgment interest as allowed by law;

viii.    Costs of suit;

ix.    General relief;

x.    An injunction preventing the debt collector from engaging in similar unlawful conduct now and in the future;

xi.    All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

*/s/ Ahmad Keshavarz*

Ahmad Keshavarz
Attorney for Plaintiff

State of Texas Bar Number: 24012957

The Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 766-8376
Fax:    (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com

TEXAS RIOGRANDE LEGAL AID, INC.

By: Tracey Whitley
    State Bar No. 21375600

Texas Rio Grande Legal Aid, Inc.
4920 N. IH-35
Austin, Texas 78751
    Tel: (512) 374-2700
    Fax: (512) 447-3940

# EXHIBIT B

Case 1:08-cv-00467-LY   Document 1-1   Filed 06/18/08   Page 13 of 20


**Service of Process Transmittal**
05/21/2008
CT Log Number 513449150

TO: Kevin Underwood, Vice President/Legal
AllianceOne Incorporated
6565 Kimball Drive, Suite 200
Gig Harbor, WA 98335-4449

RE: **Process Served in Texas**

FOR: AllianceOne Receivables Management, Inc. (Domestic State: DE)

RECEIVED MAY 22 2008 BY:

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Mary Toomer, Pltf. vs. AllianceOne Receivables Management, Inc., etc., et al., Dfts. |
| DOCUMENT(S) SERVED: | Citation, Original Petition |
| COURT/AGENCY: | 201st Judicial District Court Travis County, TX<br>Case # D1GN08001546 |
| NATURE OF ACTION: | Violation of The Federal Fair Debt Collection Practices Act and The Texas Debt Collection |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 05/21/2008 postmarked on 05/19/2008 |
| APPEARANCE OR ANSWER DUE: | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| ATTORNEY(S) / SENDER(S): | Ahmad Keshavarz<br>The Law Offices of Ahmad Keshavarz<br>16 Court St.<br>26th Floor<br>Brooklyn, NY 11241-1026<br>718-766-8376 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 798446183022<br>Email Notification, Kevin Underwood Kevin.underwood@allianceoneinc.com |
| SIGNED:<br>PER:<br>ADDRESS: | C T Corporation System<br>Beatrice Casarez<br>350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201 |
| TELEPHONE: | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CITATION
## THE STATE OF TEXAS
### CAUSE NO. D-1-GN-08-001646

MARY TOOMER

, Plaintiff

vs.

ALLIANCEONE RECEIVABLES MANAGEMENT, INC. D/B/A TEXAS ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.; & INTERNATIONAL FIDELITY INSURANCE COMPANY

, Defendant

TO: INTERNATIONAL FIDELITY INSURANCE COMPANY
    BY DELIVERING TO ITS REGISTERED AGENT, ROGER MOORE
    900 WEST AVENUE 3RD FLOOR
    AUSTIN, TEXAS 78701-2210

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the **ORIGINAL PETITION AND JURY DEMAND** of the **PLAINTIFF** in the above styled and numbered cause, which was filed on **MAY 13, 2008** in the **201ST JUDICIAL DISTRICT COURT** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, May 14, 2008.

REQUESTED BY:
AHMAD KESHAVARZ
16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026
BUSINESS PHONE:(718)766-8376
FAX:(877)496-7809



AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

By _Armanda Martinez_
ARMANDA MARTINEZ, Deputy

---- RETURN ----

Came to hand on the ____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the ____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

____ day of _____, _____.

BRUCE ELFANT
CONSTABLE PREC. 5 TRAVIS COUNTY, TEXAS
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-08-001646
☐ Original      ☒ Service Copy

CONSTABLE
DELIVERED THIS ___ DAY OF May ___ 001-28022
BRUCE ELFANT
CONSTABLE, PREC. 5 TRAVIS COUNTY, TEXAS
BY_____ DEPUTY

# EXHIBIT C

Cause No. D-1-GN-08-001646

| | | |
|---|---|---|
| MARY TOOMER | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| ALLIANCEONE RECEIVABLES | § | |
| MANAGEMENT, INC. D/B/A TEXAS | § | TRAVIS COUNTY, TEXAS |
| ALLIANCEONE RECEIVABLES | § | |
| MANAGEMENT, INC. AND | § | |
| INTERNATIONAL FIDELITY | § | |
| INSURANCE COMPANY | § | 201ST JUDICIAL DISTRICT |

## DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants Allianceone Receivables Management, Inc. (incorrectly named AllianceOne Receivables Management, Inc. d/b/a Texas AllianceOne Receivables Management, Inc.) and International Fidelity Insurance Company ("Defendants"), and, in response to the Original Petition filed by Plaintiff Mary Toomer ("Plaintiff"), hereby timely file their Answer and, in support thereof, would show this Court as follows:

1. Defendants intend discovery to be conducted under Level 2 of Rule 90 of the Texas Rules of Civil Procedure.

### I.
### GENERAL DENIAL

3. Defendants assert denials under Rule 92 of the Texas Rules of Civil Procedure to each and every allegation contained in the said petition and demand strict proof thereof.

### II.
### AFFIRMATIVE DEFENSES

4. Pleading further and without waiving the foregoing, the agreement underlying the account

appropriate care in the mitigation of her alleged injuries and her recovery from Defendants is, therefore, barred in whole or in part.

12. Pleading further and without waiving the foregoing, any damages to plaintiff, which Defendants deny by their Answer herein, are due to the acts or omissions of plaintiff and/or third parties and Defendants are not liable for said acts, omissions, or alleged damages.

13. Pleading further and without waiving the foregoing, Defendants aver that they are not guilty of any actions which would entitle plaintiff to punitive damages against them including any willful, wanton, or intentional acts as claimed by plaintiff.

14. Pleading further and without waiving the foregoing, Plaintiff's Petition, to the extent it seeks recovery of exemplary damages, violates Article I, Section 13 of the Texas Constitution and violates Defendants' rights to substantive and procedural due process provided in Article I, Section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

15. Pleading further and without waiving the foregoing, Defendants assert that plaintiff's claims should be reduced or barred by the unclean hands of plaintiff.

16. Pleading further and without waiving the foregoing, at all times material hereto Defendants complied with any and all applicable statutory and regulatory provisions.

17. Pleading further and without waiving the foregoing, Defendants deny that plaintiff has suffered any losses or damages in any event and any losses or damages sustained by plaintiff are *de minimis*, remote, speculative and/or transient in nature and, hence, are not cognizable at law.

18. Pleading further and without waiving the foregoing, any violation on the part of Defendants, which is expressly denied, was done unintentionally and/or resulted from a *bona fide* error,

3

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

19. By way of further answer to the Petition filed herein, Defendants state as follows:

    (a) Defendants deny that they are liable to plaintiff in any amount or under any theory of law and demand strict proof thereof of all elements of injuries, liability, and damages;

    (b) Defendants deny that plaintiff was injured in the manner or to the extent alleged and demand strict proof thereof on all elements of injuries and damages;

    (c) Defendants will rely upon the defenses of contributory negligence, assumption of the risk, negligence of others, and any and all other defenses as they become known before and during trial that are supported by the facts and evidence in this case; and

    (d) Defendants deny all of the remaining allegations and paragraphs within the Petition not specifically addressed above and demand strict proof thereof.

20. Defendants reserve the right to assert additional affirmative defenses as more information becomes available through discovery.

WHEREFORE, for the reasons set forth herein above, Defendants **Allianceone Receivables Management, Inc. (incorrectly named AllianceOne Receivables Management, Inc. d/b/a Texas AllianceOne Receivables Management, Inc.) and International Fidelity Insurance Company** respectfully request that this case be dismissed with prejudice, that defendants be awarded their reasonable attorneys' fees and actual costs and for such other and further relief as this Court deems necessary, just and proper.

4

Respectfully submitted,

HANSZEN ■ LAPORTE

By: _____
Amy L. Mitchell
State Bar Number 12560500
4309 Yoakum Blvd.
Houston, Texas 77006
(713) 522-9444: Telephone
(713) 524-2580: Facsimile

**ATTORNEY FOR DEFENDANTS ALLIANCEONE RECEIVABLES MANAGEMENT, INC. AND INTERNATIONAL FIDELITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I, Amy L. Mitchell, hereby certify that on the 16th day of June, 2008, the foregoing document was forwarded to all parties and counsel herein by certified mail, return receipt requested as follows:

Ahmad Keshavarz                                                                 *Via CM, RRR*
Law Offices of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026
(718) 766-8376: Telephone
(877) 496-7809: Facsimile
*Attorney for Plaintiff Mary Toomer*

Tracey Whitley                                                                  *Via CM, RRR*
Texas Riogrande Legal Aid, Inc.
4820 N. IH-35
Austin, TX 78751
(512) 374-2700: Telephone
(512) 447-3940: Facsimile
*Attorney for Plaintiff Mary Toomer*

_____
Amy L. Mitchell

5